[Cite as *In re W.H.*, 2015-Ohio-4360.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF W.H., JR. | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. 2015CA00131 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:   Appeal from the Stark County Court
of Common Pleas, Juvenile Division,
Case No. 2014JCV00586

JUDGMENT:   Affirmed

DATE OF JUDGMENT:   October 19, 2015

APPEARANCES:

For Plaintiff-Appellee   For Defendant-Appellant W.H., Sr.

BRANDON J. WALTENBAUGH   LAWRENCE SPOLJARIC
Stark County Department of   Stark County Public Defender's Office
Job and Family Services   201 Cleveland Ave., Suite 104
300 Market Avenue North   Canton, OH 44702
Canton, OH 44702

*Baldwin, J.*

{¶1}   Appellant W.H., Sr. appeals a judgment of the Stark County Common Pleas Court, Juvenile Division, awarding appellee Stark County Department of Job and Family Services (SCDJFS) permanent custody of his minor child, W.H., Jr.

STATEMENT OF FACTS AND CASE

{¶2}   W.H., Jr. was born on June 15, 2014.  On June 16, 2014, appellee filed a complaint alleging that the child was dependent, neglected, and abused and seeking temporary custody.  The child was found to be dependent on July 9, 2014, and temporary custody was granted to appellee.  On March 31, 2015, appellee filed a motion seeking permanent custody of the child.

{¶3}   At the time of the permanent custody hearing, appellant was incarcerated for possession of heroin.  Appellant had a lengthy criminal history including disorderly conduct, multiple convictions of felonious assault and misdemeanor assault, domestic violence, resisting arrest, vandalism, menacing, identity fraud, criminal endangering, trafficking in cocaine, possession of heroin, and possession of drug abuse instruments. He had been convicted of felonious assault for stabbing the mother of the child.

{¶4}   Appellant visited with the child 11 times during the pendency of the case, prior to his incarceration.  During his first visit, both he and the child's mother were under the influence of drugs.  He regularly arrived late and left early, leaving the room multiple times during the visits.  At times, appellant slept in the corner of the room during visits.  He had not visited the child from December 11, 2014, to the date of the hearing on June 8, 2015.  Appellant's case plan objectives included substance abuse

treatment, parenting classes, and eventually obtaining stable housing and employment. Except for completing his initial substance abuse assessment with Quest, appellant had not completed any other portion of his case plan. He did not follow up on the recommendations of Quest regarding treatment for substance abuse.

{¶5} Appellant testified at the hearing that he did not follow through with classes for drug treatment because his wife was in one class and the mother of the child was supposed to be in another class, and he therefore had a conflict with both classes. He attempted to attend a treatment program in Youngstown, but they terminated him from the program when they learned he had a warrant out for his arrest. While in prison, he testified that he attended AA, NA, and a program called Tyrodads. He testified that when released from prison, he planned to live with his grandma, and he had a contact through the Tyrodads program who could possibly get him a job with a moving company he was starting.

{¶6} W.H. Jr., tested positive for opiates at birth. He went through withdrawal, causing problems with feeding, tremors, and difficulty swallowing. His head circumference was not normal size and not developing, and he had a cranial band placed on his head for three months. After the cranial band was removed, he had developmental problems related to his head circumference. In addition, he has a low white blood cell count, a compromised immune system, and the Hepatitis C virus in his system. The child has physical therapy several times a week and feeding therapy. He has been hospitalized numerous times. He has been in the same foster placement since birth.

{¶7} The trial court found that appellant had abandoned the child by virtue of lack of contact, lack of bonding, failure to support the child, and failure to attempt any form of reunification. The court further found that appellant could not remedy the problems leading to the removal of the child within a reasonable period of time. The court found it in the best interest of the child to grant permanent custody to appellee for purposes of adoption.

{¶8} Appellant assigns three errors:

{¶9} "I. THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY OF W.H. JR. TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES BECAUSE THE TRIAL COURT'S FINDING THAT APPELLANT ABANDONED HIS MINOR CHILD WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE AND THE TRIAL COURT ERRED BY PROCEEDING TO BEST INTERESTS BASED UPON ABANDONMENT.

{¶10} "II. THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY OF W.H. JR. TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES BECAUSE THE DETERMINATION THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶11} "III. THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY OF W.H. JR. TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES BECAUSE ITS DETERMINATION THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY GRANTING THE PERMANENT

CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I.

{¶12} In his first assignment of error, appellant argues that the court's finding that he abandoned the child was against the manifest weight and sufficiency of the evidence. He argues that he visited his child regularly until he was incarcerated, and the caseworker made no effort to facilitate visitation with the child while he was incarcerated.

{¶13} Pursuant to R.C. 2151.011(C), a child is presumed to be abandoned "when the parents of the child have failed to visit or maintain contact with the child for more than ninety days, regardless of whether the parents resume contact with the child after that period of ninety days."

{¶14} Appellant had no contact with the child from December 11, 2014, through the date of the hearing in the instant case, June 8, 2015, a period of longer than ninety days. Despite appellant's argument that the period of his incarceration should not be included in the ninety day period leading to a presumption of abandonment, this Court has previously held that lack of contact for ninety days during a period of incarceration supports a presumption of abandonment. *In re Wright,* 5th Dist. Stark No. 2003CA00347, 2004-Ohio-1094, ¶15-19.

{¶15} The first assignment of error is overruled.

II.

{¶16} In his second assignment of error, appellant argues that the court's finding that the child could not be placed with him in a reasonable period of time is against the manifest weight of the evidence.

{¶17} A trial court's decision to grant permanent custody of a child must be supported by clear and convincing evidence. The Ohio Supreme Court has defined "clear and convincing evidence" as "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty, as required beyond a reasonable doubt, as in criminal cases." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954); *In re: Adoption of Holcomb*, 18 Ohio St.3d 361, 481 N.E.2d 613 (1985).

{¶18} In reviewing whether the trial court based its decision upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *State v. Schiebel*, 55 Ohio St.3d 71, 74, 564 N.E.2d 54, 60 (1990); See also, *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978). If the trial court's judgment is "supported by some competent, credible evidence going to all the essential elements of the case," a reviewing court may not reverse that judgment. *Schiebel,*55 Ohio St.3d at 74, 564 N.E.2d 54.

{¶19} Moreover, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusion of law." *Id.* Issues relating to the credibility of witnesses

and the weight to be given the evidence are primarily for the trier of fact. As the court explained in *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984):

{¶20} "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."

{¶21} Moreover, deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well." *Davis v. Flickinger* , 77 Ohio St.3d 415, 419, 674 N.E.2d 1159 (1997); see, also, *In re: Christian,* 4th Dist. Athens App. No. 04CA10, 2004-Ohio-3146; *In re: C. W.,* 2nd Dist. Montgomery App. No. 20140, 2004-Ohio-2040.

{¶22} Pursuant to 2151.414(B), the court may grant permanent custody of a child to the movant if the court determines "that it is in the best interest of the child to grant permanent custody to the agency that filed the motion for permanent custody and that any of the following apply:

{¶23} "(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period, ... and the child cannot be placed with either of the child's parents within a reasonable period of time or should not be placed with the child's parents.* * *

{¶24} "(b) The child is abandoned."

{¶25} Revised Code 2151.414(E) sets forth the factors a trial court must consider in determining whether a child cannot or should not be placed with a parent within a reasonable time. If the court finds, by clear and convincing evidence, the existence of any one of the following factors, "the court shall enter a finding that the child cannot be placed with [the] parent within a reasonable time or should not be placed with either parent":

{¶26} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parent to remedy the problem that initially caused the child to be placed outside the home, the parents have failed continuously and repeatedly to substantially remedy the conditions that caused the child to be placed outside the child's home. In determining whether the parents have substantially remedied the conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.* * *

{¶27} "(16) Any other factors the court considers relevant."

{¶28} At the time of the permanent custody hearing, appellant was incarcerated for possession of heroin. Appellant had a lengthy criminal history including disorderly conduct, multiple convictions of felonious assault and misdemeanor assault, domestic violence, resisting arrest, vandalism, menacing, identity fraud, criminal endangering, trafficking in cocaine, possession of heroin, and possession of drug abuse instruments. He had been convicted of felonious assault for stabbing the mother of the child.

{¶29} Appellant visited with the child 11 times during the pendency of the case, prior to his incarceration. During his first visit, both he and the child's mother were under the influence of drugs. He regularly arrived late and left early, leaving the room multiple times during the visits. At times, appellant slept in the corner of the room during visits. He had not visited the child from December 11, 2014, to the date of the hearing on June 8, 2015. Appellant's case plan objectives included substance abuse treatment, parenting classes, and eventually obtaining stable housing and employment. Except for completing his initial substance abuse assessment with Quest, appellant did not complete any other portion of his case plan. He did not follow up on the recommendations of Quest regarding treatment for substance abuse.

{¶30} While appellant testified that he planned to work on the case plan after his release from prison, appellant would not be released until September of 2015. The court's finding that the child could not be placed with appellant within a reasonable period of time is not against the manifest weight of the evidence.


III.

{¶31} In his third assignment of error, appellant argues that the court's finding that permanent custody was in the best interest of the child was against the manifest weight of the evidence.

{¶32} In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home

providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.

{¶33} The evidence demonstrated that W.H., Jr. tested positive for opiates at birth. He went through withdrawal, causing problems with feeding, tremors, and difficulty swallowing. His head circumference was not normal size and not developing, and he had a cranial band placed on his head for three months. After the cranial band was removed, he had developmental problems related to his head circumference. In addition, he has a low white blood cell count, a compromised immune system, and the Hepatitis C virus in his system. The child has physical therapy several times a week and feeding therapy. He has been hospitalized numerous times. He has been in the same foster placement since birth, and was receiving excellent care through the services that were being provided him. According to the report of the guardian ad litem, the child was thriving in the foster home.The caseworker testified that the child was not strongly bonded to appellant, as he had only visited him eleven times, spending less than twenty hours of time with him during the first year of his life.

{¶34} The trial court's finding that permanent custody was in the best interest of the child was not against the manifest weight and sufficiency of the evidence.

{¶35} The third assignment of error is overruled.

{¶36} The judgment of the Stark County Common Pleas Court, Juvenile Division, is affirmed.  Costs are assessed to appellant.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.